**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger**

Civil Action No. 17-cv-02725-MSK-STV

**ERIK T. ROBINSON,**

    Plaintiff,

v.

**ACG PROCESSING,**

    Defendant.

_____

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING
RECOMMENDATION DENYING MOTION TO AMEND AND
GRANTING MOTION FOR SUMMARY JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to Plaintiff Erik Robinson's ("Mr. Robinson") Objections **(# 70)** to the November 21, 2018 Recommendation of the Magistrate Judge **(# 67)** that Mr. Robinson's Motion to Amend **(# 56)** be denied. Also pending is Defendant ACG Processing's ("ACG") Motion for Summary Judgment **(# 71)**, Mr. Robinson's response **(# 74)**, and ACG's reply **(# 75)**.

**I.   JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1692k(d) (Fair Debt Collection Practices Act ("FDCPA")), and 47 U.S.C. § 227 (Telephone Consumer Protection Act ("TCPA")).

**II.   BACKGROUND**

The Court assumes the reader's familiarity with the claims and underlying proceedings in this case. On October 11, 2018, the Court issued an Order on ACG's motion to dismiss,

1

dismissing without prejudice all claims against former Defendant Robert Bass and claims 1, 2, 6, and 7 against ACG. **(# 50)**. Accordingly, claims 3, 4, 5, which alleged various violations of the FDCPA, and claim 8, which alleged a violation of the TCPA, remained pending. The Court's Order concluded by permitting Mr. Robinson to file an amended complaint, within 14 days, provided he could "address the deficiencies specified herein." **(# 50 at 16)**. On October 24, 2018, Mr. Robinson filed a motion for leave to file a second amended complaint, which the Court addresses in this Opinion. **(# 56)**. On November 26, 2018, Mr. Robinson filed a motion for dismissal of his remaining FDCPA claims against ACG pursuant to Fed. R. Civ. P. 41 (a)(2) **(# 68)**, which the Court granted. Thus, at this time, the only remaining claim is Mr. Robinson's TCPA claim against ACG. On December 14, 2018, ACG filed a motion for summary judgment as to the TCPA claim **(# 71)**, which is discussed in this Opinion.

### III.  MERITS

#### A.  Motion to Amend

Presumably in response to the Court's October 11, 2018 Order, on October 24, 2018, Mr. Robinson moved **(# 56)** to amend his Amended Complaint **(# 24)** to remove Mr. Bass as a defendant and add approximately 15 new defendants and a claim for intentional infliction of emotional distress. **(# 56)**.

The Court referred Mr. Robinson's motion to the Magistrate Judge for a recommendation. On November 21, 2018, the Magistrate Judge issued a Recommendation **(# 7)** that the motion to amend be denied. The Magistrate Judge noted that on February 13, 2018, he granted Mr. Robinson's initial motion to amend the complaint which added a new group of defendants to the case. The Magistrate Judge also modified the Scheduling Order to extend: (1) the deadline for joinder of parties and amendment of pleadings to May 30, 2018; (2) the

2

discovery cut-off date to October 30, 2018; and (3) the dispositive motions deadline to November 30, 2018. **(# 67 at 3)**. However, upon reviewing Mr. Robinson's second requested amendment, the Magistrate Judge found it was the product of unexplained delay, lacked good cause, and that permitting amendment at this point would result in undue prejudice to the Defendant because discovery had concluded, and dispositive motions were due within one month. The Magistrate Judge stated that "[a]dding fifteen new defendants and a state law claim would essentially begin this case anew." **(# 67 at 8)**.

Mr. Robinson filed timely Objections to the Recommendation. **(# 70)**. Although Mr. Robinson's Objections argue that he demonstrated good cause, he agreed to remove approximately 7 proposed defendants, leaving "only one set of new defendants, those collectively referred to as Market Street Debt Partners." **(# 70 at 2)**. Mr. Robinson acknowledged that he identified the additional individuals in July 2018, however, he did not address why he waited several more months to amend the pleadings. Finally, he posited that the addition of his new claim for intentional infliction of emotional distress would not adversely impact ACG, requiring ACG to "make only minor adjustments to their existing documents." **(#70 at 3)**.

Pursuant to Fed. R. Civ. P. 72(b), the Court reviews the objected-to portions of the Recommendation *de novo*.[1] Upon such *de novo* review, the Court agrees entirely with both the findings and reasoning of the Magistrate Judge. The record of this case reflects that leave to amend has been freely granted. Mr. Robinson was permitted to file an amended version of his initial Complaint (which allowed him to add a new group of defendants), and the Magistrate

---

[1] Recognizing that *pro se* pleadings should be judged by a more liberal standard, the Court applies that standard herein. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

3

Judge set a reasonable deadline, which was approximately 6 months after the case was originally filed. Mr. Robinson does not explain why he waited months after the expiration of the extended deadline for amendment of pleadings to move for leave to add numerous new defendants and a new cause of action. Upholding the deadline in these circumstances was well within the discretion of the Magistrate Judge. Further, while the Court's October 11, 2018 Order authorized Mr. Robinson to "address the deficiencies" in his Amended Complaint, he was not permitted to add new defendants nor an entirely new claim. This case is aged and has progressed to an advanced phase of the litigation; it would be inappropriate (and unduly prejudicial to ACG) at this late stage to interject new defendants and new causes of action that would further delay final resolution of Mr. Robinson's claims. Accordingly, the Court overrules the Objections, adopts the Recommendation, and denies Mr. Robinson's motion to amend.

### B. Motion for Summary Judgment

ACG moves for summary judgment as to Mr. Robinson's sole remaining claim for a violation of the TCPA pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### Legal Standard

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual

dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## Facts[2] and Analysis

Mr. Robinson's TCPA claim is premised on two calls made to his cell phone in April 2016 and two calls made to his cell phone in August 2016. **(# 71-1)**. During discovery, Mr. Robinson provided a copy of his cell phone records for the relevant time period. Mr. Robinson testified at his deposition that his cell phone records do not show that ACG called him in April or August 2016. Mr. Robinson also admitted that he was never called by anyone identifying himself or herself on behalf of ACG. Instead, Mr. Robinson testified he was called by an entity named Vantage Point in August 2016. ACG submitted a declaration by Robert Bass, part owner of ACG, averring that ACG did not obtain Mr. Robinson's account until July 12, 2016, and it never hired a group named Vantage Point to collect any debts. **(# 71-3)**.

Mr. Robinson contends there are factual disputes barring summary judgment and speculates that ACG made the phone calls but cannot be identified because of "unlawful technologies used to disguise the origins of phone calls." **(# 74 at 1)**. He also "believes" Vantage Point was hired by ACG to collect the debt but offers no supporting evidence. **(# 74 at 3)**. Mr. Robinson further contests the validity of the deposition transcript, ACG's Debtor Log Report (indicating that ACG did not obtain Mr. Robinson's account until July 12, 2016), Bill of Sale (indicating ACG's sale of Mr. Robinson's debt to Market Street Debt Partners on September 30, 2016), and Mr. Bass's declaration. However, Mr. Robinson offers no evidence in support of his claims and merely makes self-serving statements that are conclusory and indeed, refuted by the evidence. Such bare assertions are insufficient to raise a genuine issue of material fact in order to avoid entry of summary judgment.

---

[2] The Court recounts the facts in the light most favorable to Mr. Robinson, the nonmoving party. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002). To the extent there are factual disputes, the Court notes them in the analysis.

Viewing the evidence in the light most favorable to Mr. Robinson, no reasonable jury could find that an entity identified as ACG placed a call to Mr. Robinson's cell phone in April or August 2016.[3] Since Mr. Robinson failed to come forward with evidence sufficient to establish the elements of a *prima facie* claim under the TCPA, ACG is entitled to summary judgment.

## VI. CONCLUSION

For the foregoing reasons, the Objections **(# 70)** are **OVERRULED**, and the Court **ADOPTS** the Recommendation of the Magistrate Judge **(# 67)**. Mr. Robinson's Motion to Amend **(# 56)** is **DENIED**. ACG's Motion for Summary Judgment **(# 71)** is **GRANTED**. The Clerk of the Court shall enter judgment in favor of ACG on the remaining claim in this action and close this case.

Dated this 25th day of July, 2019.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Senior United States District Judge

---

[3] Mr. Robinson failed to establish element 1 of the TCPA claim, thus, the Court need not address the remaining elements. However, even if ACG had placed the telephone calls, the TCPA claim would still fail because Mr. Robinson did not come forward with sufficient evidence to establish element 2—that ACG used an automatic dialing system to contact him.